AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By: TALIA KRAEMER
    JESSICA ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822/2777
Fax: (212) 637-2702/2786
talia.kraemer@usdoj.gov
jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES UNION,

                Plaintiff,

           v.

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, *et al*.,

                Defendants.

No. 20-cv-10083 (PGG)

**ANSWER**

---

Defendants United States Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and United States Immigration and Customs Enforcement ("ICE"), by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, answer the complaint filed on December 2, 2020, by Plaintiff American Civil Liberties Union ("ACLU"), upon information and belief as follows:

INTRODUCTION

1. The first sentence of paragraph 1 contains Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, deny the allegations in the first sentences of paragraph 1, except admit that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA") and seeks

agency records concerning certain cell phone location databases. With respect to the second sentence of paragraph 1, Defendants lack knowledge of the particular news sources to which Plaintiff refers but admit that there are news articles, including those cited in the complaint, discussing commercially-available location information derived from applications running on cell phones, and respectfully refer the Court to those articles for a true and complete statement of their contents. Defendants aver that the second sentence of paragraph 1 otherwise contains Plaintiff's characterization of alleged background information, to which no response is required. To the extent a response is required, deny the allegations in the second sentence of paragraph 1. The third sentence of paragraph 1 contains Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, deny the allegations in the third sentence of paragraph 1. With respect to the fourth sentence of paragraph 1, admit that, as of the filing of the complaint, Defendants had not produced records in response to Plaintiff's FOIA request. The fifth sentence of paragraph 1 consists of Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, deny the allegations in the fifth sentence of paragraph 1.

2.     The first three sentences of paragraph 2 consist of legal conclusions, to which no response is required. To the extent a response is required, admit that Plaintiff properly quotes from *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018), and respectfully refer the Court to that case for a true and complete statement of its contents.  The fourth and fifth sentences of paragraph 2 contain Plaintiff's characterization of alleged background information and legal argument, to which no response is required. To the extent a response is required, deny the allegations in the fourth and fifth sentences of paragraph 2 and respectfully refer the Court to

*Carpenter*, 138 S. Ct. 2206 (2018) for a true and complete statement of that case's contents.

       3.      The first three sentences of paragraph 3 contain Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, deny the allegations in the first three sentences of paragraph 3. Defendants admit that the fourth sentence of paragraph 3 accurately quotes language from the cited letter, but deny that the quotation constitutes an "example" of the preceding allegations and respectfully refer the Court to the cited letter for a true and correct statement of its contents. The fifth sentence of paragraph 3 consists of argument by Plaintiff, to which no response is required. To the extent a response is required, deny the allegations in the fifth sentence of paragraph 3.

       4.      Paragraph 4 contains legal argument and describes Plaintiff's request for relief, to which no response is required. To the extent a response is required, deny the allegations in paragraph 4.

## JURISDICTION AND VENUE

       5.      Paragraph 5 consists of legal conclusions, to which no response is required.

       6.      Paragraph 6 consists of legal conclusions, to which no response is required, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff's principal place of business.

## PARTIES

       7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

       8.      Paragraph 8 consists of legal conclusions, to which no response is required, except Defendant DHS admits that DHS is a federal agency.

9. Paragraph 9 consists of legal conclusions, to which no response is required, except Defendant CBP admits that CBP is a federal agency and operational component of DHS.

10. Paragraph 10 consists of legal conclusions, to which no response is required, except Defendant ICE admits that ICE is a federal agency and operational component of DHS.

## FACTS[1]

11. As to the first and third sentences of paragraph 11, Defendants admit that the cited article contains the statements attributed to it and respectfully refer the Court to the cited article for a true and correct statement of its contents. Defendants deny knowledge or information sufficient to form a belief as the second sentence of paragraph 11. As to the fourth sentence of paragraph 11, Defendants CBP and ICE admit that the cited article contains the information attributed to it and respectfully refer the Court to the cited article for a true and correct statement of its contents. As to the fifth sentence of paragraph 11, Defendants admit that the cited article contains the reporting attributed to it and respectfully refer the Court to the cited article for a true and correct statement of its contents. As to the sixth sentence of paragraph 11, Defendants deny the allegations except DHS admits that no memo matching the description of the record described in the cited article has been publicly released through FOIA by DHS.

12. Admit, and respectfully refer the Court to Exhibit A of the complaint for a true and correct statement of its contents.

13. Each of Defendants DHS, CBP, and ICE admits that Plaintiff submitted a FOIA request to them on February 10, 2020, seeking the information specified in Exhibit A of the complaint, and respectfully refers the Court to that request for a true and correct statement of

---

[1] As to the subheadings within the complaint's "Facts" section, such subheadings contain Plaintiff's characterizations of alleged background information and argument to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

its contents.

14. Paragraph 14 contains conclusions of law, to which no response is required. To the extent a response is required, each of Defendants DHS, CBP, and ICE admits that Plaintiff's FOIA request dated February 10, 2020, requested expedited processing, and respectfully refers the Court to that document for a true and complete statement of its contents.

15. Paragraph 15 contains conclusions of law, to which no response is required. To the extent a response is required, each of Defendants DHS, CBP, and ICE admits that Plaintiff's FOIA request dated February 10, 2020, requested a waiver or limitation of fees, and respectfully refers the Court to that document for a true and complete statement of its contents.

16. Paragraph 16 contains conclusions of law, to which no response is required. To the extent a response is required, each of Defendants DHS, CBP, and ICE admits that Plaintiff's FOIA request dated February 10, 2020, requested a waiver or limitation of fees, and respectfully refers the Court to that document for a true and complete statement of its contents.

17. Defendant CBP admits the allegations in paragraph 17, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the letter's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Defendant CBP admits the allegations in paragraph 18, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the referenced e-mail's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Defendant CBP admits the allegations in paragraph 19, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the referenced e-

mail's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. As to the first sentence of paragraph 20, Defendant CBP admits that it sent Plaintiff an interim response to its FOIA request, via e-mail and attachment on May 7, 2020, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the e-mail's and attachment's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20. As to the second and third sentences of paragraph 20, Defendant CBP admits that it sent Plaintiff a corrected interim response to its FOIA request, via e-mail and attachment, on May 8, 2020, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the e-mail's and attachment's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 20.

21. As to the first sentence of paragraph 21, Defendant CBP admits that the Branch Chief of CBP's FOIA Division spoke by phone with Plaintiff's counsel on May 20, 2020, regarding Plaintiff's FOIA request. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21. As to the second sentence of paragraph 21 and subdivisions a-c, CBP admits that it received an e-mail from Plaintiff's counsel, dated May 21, 2020, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the e-mail's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and subdivisions a-c of paragraph 21.

22. The first sentence of paragraph 22 contains Plaintiff's characterization of alleged

background information and argument, to which no response is required. To the extent a response is required, Defendant CBP admits that the Branch Chief of CBP's FOIA Division corresponded with Plaintiff's counsel via e-mail in May and June 2020, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of those e-mails' content. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22. As to the second sentence of paragraph 22, CBP admits that Plaintiff's counsel directed an e-mail to the Branch Chief of CBP's FOIA Division on June 3, 2020, and respectfully refers the Court to Exhibit B of the complaint for a true and correct statement of the e-mail's contents. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 22.

23. Defendant CBP admits the allegations in the first sentence of paragraph 23. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 23. As to the second sentence of paragraph 23, Defendant CBP admits that Exhibit B of the complaint contains copies of certain correspondence between CBP and Plaintiff. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23.

24. The first sentence of paragraph 24 contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant CBP admits the first sentence of paragraph 24. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 24. The second sentence of paragraph 24 contains Plaintiff's characterization of alleged background

information and argument, to which no response is required. To the extent a response is required, Defendant CBP respectfully refers the Court to the referenced records and press reports for a true and correct statement of their content. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 24.

25. Paragraph 25 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant CBP denies the allegations. Defendants DHS and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. As to the first and second sentences of paragraph 26, Defendant DHS admits that it sent a letter, dated March 4, 2020, acknowledging receipt of Plaintiff's FOIA request, and respectfully refers the Court to Exhibit C of the complaint for a true and correct statement of the contents of that letter. As reflected therein, Defendant DHS advised Plaintiff that its request was "too broad in scope" and "did not specifically identify the records" sought, and to "resubmit [Plaintiff's] request containing a reasonable description of the records [Plaintiff is] seeking." DHS further advised that if it did not hear from Plaintiff within 30 days, it would administratively close the case. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 26.

27. As to the first and second sentences of paragraph 27, Defendant DHS admits that it received letter correspondence from Plaintiff, dated March 9, 2020, and respectfully refers the Court to Exhibit C of the complaint for a true and correct statement of the letter's contents. In that letter, Plaintiff failed to narrow the scope of the request or provide the necessary

clarification requested by DHS in its March 4, 2020 correspondence; accordingly, Plaintiff's request remained unperfected and DHS administratively closed the request. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 27.

28.     As to the first and second sentences of paragraph 28, Defendant DHS admits that it has not had any communications with Plaintiff regarding its FOIA request since March 2020, and further admits that DHS has not rendered a decision on Plaintiff's request for expedited processing or a fee waiver, or produced records responsive to Plaintiff's FOIA request, because Plaintiff failed to perfect its request. *See* Response to ¶ 27.  Defendant DHS avers that it is not required to render a decision on requests for fee waivers or expedited processing in instances, such as this one, where the FOIA request is unperfected. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 28. As to the third sentence of paragraph 28, Defendant DHS admits that Exhibit C of the complaint contains copies of certain correspondence between DHS and Plaintiff. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 28.

29.     The first sentence of paragraph 29 contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant DHS denies the allegations in the first sentence of paragraph 29. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29. The second sentence of paragraph 29 contains Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, Defendant DHS respectfully refers the Court to the referenced records and press

reports for a true and correct statement of their content. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 29.

30.     Paragraph 30 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant DHS denies the allegations. Defendants CBP and ICE deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Defendant ICE admits that it sent a letter, via e-mail dated March 6, 2020, acknowledging receipt of Plaintiff's FOIA request, further admits that such letter did not address Plaintiff's requests for expedited processing or fee waiver, and respectfully refers the Court to Exhibit D of the complaint for a true and correct statement of the letter's contents. Defendants CBP and DHS deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     As to the first sentence of paragraph 32, Defendant ICE admits that ICE has not had any communications with Plaintiff regarding its FOIA request since March 2020, and further admits that, as of the filing of the complaint, ICE had not produced records responsive to Plaintiff's FOIA request. Defendants CBP and DHS deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32. As to the second sentence of paragraph 32, Defendant ICE admits that Exhibit D of the complaint contains copies of certain correspondence between ICE and Plaintiff. Defendants CBP and DHS deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 32.

33.     The first sentence of paragraph 33 contains a legal conclusion, to which no

response is required. To the extent a response is required, Defendant ICE avers that it is in the process of conducting a search for records responsive to Plaintiff's FOIA request. Defendants CBP and DHS deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 33. The second sentence of paragraph 33 contains Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, Defendant ICE respectfully refers the Court to the referenced records and press reports for a true and correct statement of their content. Defendants CBP and DHS deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 33.

34. Paragraph 34 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations. Defendants CBP and DHS deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

## CAUSES OF ACTION

35. Paragraph 35 contains Plaintiff's characterization of alleged background information and argument, to which no response is required. To the extent a response is required, each of Defendants DHS, CBP, and ICE admits that, as of the filing of the complaint, it had not produced records responsive to Plaintiff's FOIA request.

36. Paragraph 36 consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations.

37. Paragraph 37 consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations.

38. Paragraph 38 consists of legal conclusions, to which no response is required. To

the extent a response is required, deny the allegations.

39.     Paragraph 37 consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations.

## PRAYER FOR RELIEF

The five numbered paragraphs in the section of the complaint titled "Request for Relief" constitute a prayer for relief, to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the requested relief or any relief.

## DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

### Third Defense

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiff's FOIA request.

### Fourth Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

### Fifth Defense

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

Sixth Defense

With respect to Defendant DHS, Plaintiff has failed to exhaust its administrative remedies prior to filing this action and, thus, is not entitled to the relief sought.

Seventh Defense

To the extent that Defendants have exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist, Defendants should be allowed additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

Defendants may have additional defenses that are not known to Defendants at this time, but that may be ascertained during litigation. Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendants, having fully answered the allegations in the complaint and stated their defenses, respectfully request that this Court dismiss the complaint with prejudice, enter judgment in favor of Defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: January 27, 2021
      New York, New York

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:   */s/ Jessica Rosenbaum*
TALIA KRAEMER
JESSICA ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822/2777
Fax: (212) 637-2702/2786
talia.kraemer@usdoj.gov
jessica.rosenbaum@usdoj.gov