April 1, 2021

*VIA ECF*

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, NY 10007

      Re: *American Civil Liberties Union v. U.S. Department of Homeland Security et al.*,
         No. 1:20-cv-10083-PGG
         **Joint Letter for Pretrial Conference**

Dear Judge Gardephe,

Pursuant to this Court's Notice of Pretrial Conference (ECF No. 13), counsel for the parties in the above-named action write in advance of the pre-trial conference scheduled for April 8, 2021, at 9:45 a.m. A description and current status of the case, the parties' positions, contemplated motions, and current prospects for settlement are outlined below. A jointly proposed case management plan is attached. Because the parties expect this case to be resolved on cross-motions for summary judgment without need for discovery, as is typical of FOIA cases, the case management plan does not propose discovery deadlines or estimate a length of trial.

**Case Description**

Plaintiff American Civil Liberties Union ("ACLU") brings this action under the Freedom of Information Act ("FOIA") to compel Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE") to search for and release records regarding their purchase and use of cell phone location data derived from applications ("apps") running on people's smart phones.

The ACLU submitted its FOIA request on February 10, 2020, and filed this suit on December 2, 2020. As of that date, Defendants had not produced any records responsive to the request. The Complaint (ECF No. 8) alleges that Defendants' "fail[ure] to produce records responsive to the Request" violates FOIA, and seeks an order requiring Defendants to search for and produce responsive records "forthwith, or alternatively on an expedited schedule established by the Court." ECF No. 8, at ¶ 35 & Prayer for Relief ¶¶ 1–2.

Since the filing of this case, counsel for the parties have met and conferred four times via phone in order to attempt to clarify and narrow the issues in dispute.

**Current Status**

As described in more detail below, each defendant agency is searching for and/or processing responsive documents in response to the FOIA request.

- CBP: CBP produced a first set of responsive records (releasing 169 responsive pages with redactions, and identifying 26 pages withheld in full) on March 3, 2021, and plans to release a second set of responsive records on April 5, 2021. Following the April production, CBP estimates that approximately 2,500 potentially responsive pages remain to be processed, comprised of a single 1,500-page spreadsheet and approximately 1,000 additional pages; as to those 1,000 additional pages, CBP anticipates processing 250 of those pages per month. CBP has not yet provided a date by which it anticipates finishing processing and production of records.

- ICE: ICE's search for potentially responsive records is nearly complete. At this time, ICE estimates that it has approximately 9,000 pages of potentially responsive records to process, and expects to be able to process 500 potentially responsive pages per month. ICE is planning to release a first production by the end of April.

- DHS: DHS has initiated a search for records under the control of the DHS offices that fall within the purview of the DHS Headquarters ("DHS-HQ") FOIA Office. On March 9, 2020, the ACLU informed DHS via letter that the ACLU believes other components of DHS are likely to possess responsive records, and specifically identified the Secret Service ("USSS") and the U.S. Coast Guard ("USCG") as DHS components likely to have such records. *See* ECF No. 8-3, at 7. As explained in more detail below, DHS's position is that the ACLU must submit its request directly to USCG and USSS, as it did to ICE and CBP (which are also components of DHS), if it wishes to obtain any records potentially in the custody of those components.

**Parties' Positions**

Plaintiff: The ACLU proposes the following regarding a schedule for Defendants' search, processing, and release of records:

- CBP: The ACLU believes CBP's proposal to process 250 potentially responsive pages per month, and to make monthly rolling productions, is reasonable. The ACLU proposes that CBP complete processing and production of the 1,500-page spreadsheet no later than one month after it completes processing and production of the approximately 1,000 other pages.

- ICE: The ACLU asks that the Court order ICE to process at least 1,000 potentially responsive pages per month, and to make monthly rolling productions. ICE's proposed processing rate of 500 pages per month would result in an 18-month production schedule, which is far too long given the public's interest in records responsive to the request. This rate of processing is in line with what courts have ordered in other FOIA cases. *E.g.*, Civil Minutes, *Al Otro Lado v. Dep't of Homeland Sec.*, No. 20-cv-05191-ODW (C.D.

Cal. Sept. 23, 2020) (ECF No. 35) (ordering DHS to process 1,000 pages per month); *Boundaoui v. Fed. Bureau of Investigation*, No. 17 C 4782, 2020 WL 5658704, at *7 (N.D. Ill. Sept. 23, 2020) (ordering FBI to process 1,000 pages per month).

- DHS: The ACLU proposes that DHS complete its search for responsive records held by offices within the purview of the DHS-HQ FOIA Office, and provide an estimated volume of responsive records to the ACLU, by April 15. The parties should then provide their positions on DHS-HQ's processing and production schedule to the Court via letter by April 22.

Additionally, the ACLU asks that DHS be ordered to refer the request to USSS, USCG, and any other components likely to possess responsive records.

DHS's refusal to refer the request to its components that are likely to possess responsive records violates FOIA and DHS's implementing regulations. When the ACLU submitted its FOIA request in February 2020, it directed the request to CBP and ICE, the DHS components it knew to have responsive records based on public reporting at that time. Simultaneously, the ACLU directed a copy of the Request to the DHS Privacy Office for processing and forwarding to other components that would be similarly likely to have responsive records. *See* ECF No. 8-1 (FOIA request). The agency's regulations specifically explain that "[a] requester may also send his or her request to the Privacy Office," which "will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." 6 CFR § 5.3(a)(2); *see also* 6 CFR § 5.4 (setting forth internal procedures for referrals of requests to other agency components or offices).

In a March 4, 2020, letter, DHS asked the ACLU to identify "the DHS component or office you believe created and/or controls the record." Compl. Ex. C at 2 (ECF No. 8-3). Five days later, on March 9, 2020, the ACLU informed DHS via letter that recent reports in the press indicated that both the Secret Service and the Coast Guard likely had responsive records. Compl. Ex. C at 7, ECF No. 8-3. DHS did not acknowledge or respond to the ACLU's letter until Defendants filed their answer in this case, on January 21, 2021, and now (more than a year after the ACLU's March 2020 letter) takes the position that instead of the DHS Privacy Office referring the request to relevant components as required by DHS's own regulations, the ACLU should shoulder the burden of filing a new FOIA request with USSS and USCG.

As an agency subject to FOIA, DHS must search for records wherever within DHS they are likely to exist. *See, e.g.*, *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (agency must demonstrate "that it has conducted a search reasonably calculated to uncover all relevant documents"); *Judicial Watch v. Dep't of Justice*, 373 F. Supp. 3d 120, 126 (D.D.C. 2019) ("When an agency receives a FOIA request, it must search all locations that are reasonably likely to contain responsive records."). Similarly, "[i]t is well-settled that if an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA to search barring an undue burden." *Valencia– Lucena v. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999). When agencies have

unreasonably excluded subcomponents from their searches, courts have ordered new searches. *See, e.g.*, *New Orleans Workers' Center for Racial Justice v. Immigration & Customs Enforcement*, 373 F. Supp. 3d 16, 36-39 (D.D.C. 2019) (ordering new search where agency "ha[d] failed to aver that all locations likely to contain responsive records were searched" and where the requestor had "identified countervailing evidence undermining the [agency's] claim that the offices it chose not to search were not likely to have responsive records" (quotation marks and alterations omitted)); *Rodriguez v. Dep't of Defense*, 236 F. Supp. 3d 26, 36-37 (D.D.C. 2017) (it was "manifestly unreasonable" for DOD look no further than the Office of Legal Policy, "when the FOIA requests at issue plainly encompassed records that could have been located in other subdivisions of DOD"); *Natural Res. Def. Council, Inc. v. Dep't of Defense*, 388 F. Supp. 2d 1086, 1100-03 (C.D. Cal. 2005) (ordering new search where agency searched only one office and did not forward request to another office that agency knew to be lead office in subject area).

DHS's proposed course of action will only introduce further delay. Plaintiff respectfully asks the Court to direct DHS to fulfill its statutory and regulatory responsibility to refer the request to USSS, USCG, and any other components likely to possess responsive records.

Defendants:

- CBP: CBP will continue to make rolling productions of any non-exempt, responsive, non-duplicative pages that it processes. CBP anticipates making monthly rolling productions, to occur on or before the fifth day of each month.

- ICE: ICE respectfully requests that the Court approve a production schedule under which ICE will process 500 pages of potentially responsive records per month, with monthly rolling productions to begin at the end of April. This production rate and schedule reflects ICE's capabilities in light of its limited resources and other FOIA obligations, which include approximately 170 open requests in litigation. Additionally, ICE's proposed production rate is consistent with what courts in this and other districts have required to allow an equitable allocation of agency resources. *See, e.g.*, Order, *Documented NY v. U.S. Dep't of State*, No. 20 Civ. 1946 (AJN) (S.D.N.Y. July 28, 2020), ECF No. 26 (300 pages per month); Order, *Am. Civil Liberties Union v. DHS*, 20 Civ. 2213 (NRB) (S.D.N.Y. July 7, 2020), ECF No. 25 (ordering ICE to process 250 pages per month and other agencies to process 250 and 750 pages per month); Order, *N.Y. Civil Liberties Union v. Admin. for Children & Families*, 20 Civ. 183 (MKV) (S.D.N.Y. May 5, 2020), ECF No. 30 (400 pages per month); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183 (D.D.C. 2018) (500 pages per month); *Color of Change v. U.S. Dep't of Homeland Sec.*, 325 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (500 pages per month); Minute Order, *Energy & Env't Legal Inst. v. U.S. Dep't of State*, No. 17 Civ. 340 (D.D.C. Aug. 22, 2017) (300 pages per month); Minute Order, *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 17 Civ. 205 (D.D.C. June 30, 2017) (300 pages every four weeks); Minute Order, *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, No. 16 Civ. 2516 (D.D.C. June 27, 2017) (400 pages per month).

- DHS: DHS's search for records is ongoing at this time. After that search is complete, DHS intends to notify the ACLU of the number of potentially responsive pages identified and discuss an appropriate processing schedule. As to the ACLU's request that the Court order DHS-HQ to refer the original FOIA request to USSS and USCG, DHS opposes that request. First, the DHS Privacy Office determined that the components most likely to have responsive records were CBP and ICE, which both received, and are responding to, the ACLU's FOIA request. Second, DHS has a decentralized FOIA system, and multiple components within DHS (including USSS and USCG) have their own FOIA offices to handle FOIA requests, processing, and litigation. Because the ACLU did not submit its request to USCG and USSS, those components have not had the opportunity to process the FOIA request at the pre-litigation, administrative stage.

**Contemplated Motions**

Following completion of Defendants' production of responsive records, Plaintiff will determine whether it seeks to challenge the adequacy of Defendants' search or the propriety of any redactions or withholdings under the FOIA exemptions. The parties will confer, and if they cannot resolve any such disputes, they anticipate filing cross motions for summary judgment. The parties propose that the Court schedule a conference following completion of Defendants' productions to hear the parties' proposals for the scope and timing of any summary judgment motions.

**Prospect for Settlement**

Counsel for the parties have been engaged in good-faith, productive conversations for several weeks but do not anticipate settlement prior to the completion of records productions.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

/s/ Jessica Rosenbaum
Talia Kraemer
Jessica Rosenbaum
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822/2777
Fax: (212) 637-2702/2786
talia.kraemer@usdoj.gov
jessica.rosenbaum@usdoj.gov

*Counsel for Defendants*

/s/ Nathan Freed Wessler
Nathan Freed Wessler
Ashley Gorski
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org
agorski@aclu.org

Amy Belsher
Robert Hodgson
Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
abelsher@nyclu.org

*Counsel for Plaintiff*

**Certificate of Service**

I hereby certify that on this 1st day of April, 2021, I electronically filed the foregoing letter using the Court's CM/ECF system, which effects service upon counsel for Defendants.

/s/ Nathan Freed Wessler
Nathan Freed Wessler
