UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION,

                        Plaintiff,

- against -

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; UNITED STATES
CUSTOMS AND BORDER PROTECTION; and
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                        Defendants.

**ORDER**

20 Civ. 10083 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

          Plaintiff American Civil Liberties Union ("ACLU") filed a Freedom of Information Act ("FOIA") request seeking records from the U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") regarding their purchase and use of cell phone location data.

          After this action was filed, the parties began discussing the rate at which the agencies would process potentially responsive documents. (Jt. Ltr. (Dkt. No. 26) at 1-2) As of the April 8, 2021 initial pretrial conference, two issues remained unresolved: (1) the number of potentially responsive pages that ICE would process per month; and (2) whether DHS would refer the ACLU's FOIA request to the U.S. Secret Service and the U.S. Coast Guard, which are component agencies. (See Apr. 9, 2021 Order (Dkt. No. 30))

          In connection with the ACLU's FOIA request to ICE, ICE has identified approximately 9,000 potentially responsive records. ICE maintains that it can process 500 pages of potentially responsive material per month, citing its "limited resources" and FOIA obligations

in "approximately 170 open requests in litigation." (Jt. Ltr. (Dkt. No. 26) at 2, 4) The ACLU asks this Court to direct ICE to process at least 1,000 pages of potentially responsive material per month. (Id. at 2)

In support of ICE's position that it can process only 500 pages of potentially responsive material per month, the Government has submitted a declaration from Fernando Pineiro, Acting FOIA Officer at ICE. (Pineiro Decl. (Dkt. No. 31-1)) According to Pineiro, the number of ICE FOIA requests has increased 240% between 2017 and 2020. Within ICE's FOIA Office, ICE is currently processing 5,687 open FOIA requests and 181 active litigations; the "normal processing rate is 500 pages per month, per case." Moreover, the ICE FOIA Office confronts this "increasingly heavy workload" with fewer staff members. As a result of the COVID-19 pandemic, ICE has not been able to fill many positions for FOIA request processors. (Id. ¶¶ 4, 6, 8, 9, 11)

Under FOIA, expediting a request requires the agency at issue to process the request "as soon as practicable." 5 U.S.C. § 552 (a)(6)(E)(iii). Given the effect of the COVID-19 pandemic on staffing at the ICE FOIA Office and the rapid increase in the Office's workload, requiring ICE to process 1,000 pages of potentially responsive material per month is not practicable. See Documented NY v. U.S. Dep't of State, (20 Civ. 1946 (AJN)) (S.D.N.Y. July 28, 2020), (Order (Dkt. No. 26) at 2-3 (approving 300 pages per month)); N.Y. Civil Liberties Union v. Admin. for Children & Families, (20 Civ. 183 (MKV)) (S.D.N.Y. Apr. 30, 2020) (Order (Dkt. No. 27) (approving 400 pages per month)). Courts have issued orders providing for the processing of 500 pages per month, even where that schedule will result in lengthy production periods. See White v. Exec. Off. of U.S. Att'ys, 444 F. Supp. 3d 930, 965 (S.D. Ill. 2020) (approving 500 pages per month and nine-year production period); Colbert v. Fed. Bureau

of Investigation, No.16-cv-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (approving 500 pages per month and a decade-long production period); Negley v. U.S. Dep't of Just., 305 F. Supp. 3d 36, 46 (D.D.C. 2018) (approving 500 pages per month and an eighty-year production period).

The cases cited by the ACLU are not to the contrary. Although the ACLU asserts that a higher processing rate was specified in these cases because they involved matters of "significant public interest" (Pltf. Ltr. (Dkt. No. 33) at 2), each case involved factors not present here. For example, in Open Society Justice Initiative v. Central Intelligence Agency, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019), the Government had agreed to process 3,000 pages per month per agency. And in Clemente v. Federal Bureau of Investigation, 71 F. Supp. 3d 262, 264-65 (D.D.C. 2014), plaintiff "face[d] a very limited lifespan" and had waited two years before the FBI produced any responsive material. Similarly, in Natural Resource Defense Council v. Department of Energy, 191 F. Supp. 2d 41, 42 (D.D.C. 2002), the court found that the defendant had "been woefully tardy in its processing of [p]laintiff's FOIA request." And in Seavey v. Department of Justice, 266 F. Supp. 3d 241, 246-48 (D.D.C. 2017), the court's page processing rate was premised on a goal of completing production within three years. Here, given a processing rate of 500 pages per month, production will be complete within eighteen months. (Pltf. Ltr. (Dkt. No. 33) at 4)

The Court concludes that the 500-page processing rate proposed by the Government is reasonable.

As to the FOIA request addressed to DHS, the ACLU identified the U.S. Secret Service and the U.S. Coast Guard as DHS component offices that might have potentially responsive records. The ACLU asks the Court to order DHS to refer the ACLU's FOIA request

3

to the Secret Service and Coast Guard, "and [to] any other components likely to possess responsive records." (Jt. Ltr. (Dkt. No. 26) at 3)

As the ACLU points out, DHS's regulations allow a FOIA requester to "send his or her request to the Privacy Office," which "will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." 6 CFR § 5.3(a)(2).

Here, on February 10, 2020, the ACLU submitted its FOIA request to the DHS Privacy Office. (Cmplt., Ex. A (Dkt. No. 8-1) at 1) In a March 4, 2020 letter, DHS asked the ACLU to identify "the DHS component or office you believe created and/or controls the record." (Jt. Ltr. (Dkt. No. 26) at 3; Cmplt., Ex. C (Dkt. No. 8-3) at 3) In a March 9, 2020 letter, the ACLU identified the Secret Service and Coast Guard as DHS components that might have potentially responsive records, and asked DHS to forward its request to these DHS components. (Cmplt., Ex. C (Dkt. No. 8-3) at 9)

DHS asserts that the ACLU should request the records directly from the Secret Service and Coast Guard, noting that "DHS has a decentralized FOIA system," in which component offices each have their own FOIA offices. (Jt. Ltr. (Dkt. No. 26) at 2, 5) In an April 22, 2021 letter, the Government confirms "that the U.S. Secret Service and the U.S. Coast Guard are in possession of potentially responsive records," but that DHS "is not willing to refer Plaintiff's FOIA request to those components at this time." (Apr. 22, 2021 Govt. Ltr. (Dkt. No. 32) at 1)

As discussed above, DHS's implementing regulations concerning FOIA provide that DHS will forward FOIA requests to DHS component offices that are likely to have responsive records. 6 CFR § 5.3(a)(2). The regulations make no exception for the Secret Service and the Coast Guard, and DHS has offered no justification for this Court to ignore the

4

applicable DHS regulation. Accordingly, DHS is directed to forward the ACLU's FOIA request to the U.S. Secret Service and the U.S. Coast Guard.

Dated: New York, New York
       November 19, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge